1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11 | MELISSA MURPHY,

12 | Plaintiff,

13 | v.

14 | BRONSON, CAWLEY, & BERGMANN, LLP

15

16 | Defendant.

| ) Case No.: 3:10-cv-01929 AJB (RBB)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) [Doc. No. 7]**

17

18 | **I.      INTRODUCTION**

19      Plaintiff Melissa Murphy ("Murphy") filed the Amended Complaint in this action on December

20 | 6, 2010 [Doc. No. 5].  The Amended Complaint alleges violations of the Fair Debt Collection Practices

21 | Act, 15 U.S.C. § 1692, *et seq.* (1977) ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

22 | Cal. Civ. Code § 1788, *et seq.* (2009) ("RFDCPA"), against Defendant Bronson, Cawley, & Bergmann,

23 | LLP ("Bronson"), a law firm engaged in the business of debt collecting.  (Am. Compl. 1-2.)  On

24 | December 7, 2010, Defendant filed a Motion to Dismiss the First Amended Complaint pursuant to

25 | Federal Rule of Civil Procedure 12(b)(6)  [Doc. No. 7].  Plaintiff submitted a Response to Defendant's

26 | Motion to Dismiss ("Opposition") on December 27, 2010 [Doc. No. 9].  On December 29, 2010,

27 | Defendant filed a Memorandum of Points and Authorities in Reply to Opposition to Defendant's Motion

28

1                                         3:10-cv-01929 AJB (RBB)

1   to Dismiss the First Amended Complaint ("Reply") [Doc. No. 10].  For the reasons stated below, the

2   Motion to Dismiss the Amended Complaint is **GRANTED**.

3   **II.      BACKGROUND**

4           Plaintiff is a resident of San Diego County in the State of California.  (Am. Compl. 2, Doc. No.

5   5.)  She alleges that she is a "consumer" as defined by the FDCPA, and a "debtor" as defined under the

6   RFDCPA.  (*Id.*)  Plaintiff further alleges that Defendant "was a company engaged, by use of the mails

7   and telephone, in the business of collecting a debt from Plaintiff which qualifies as a 'debt,' as defined

8   by 15 U.S.C. § 1692a(5), and a 'consumer debt,' as defined by Cal. Civ. Code § 1788.2(f)."  (*Id.*)

9   According to Plaintiff, "Defendant regularly attempts to collect debts alleged to be due another, and

10  therefore is a 'debt collector' as defined by the FDCPA . . . and RFDCPA . . . ."  (*Id.*)

11          Plaintiff claims that "at various and multiple times prior to the filing of the instant complaint,

12  including within the one year preceding the filing of the this complaint, Defendant contacted Plaintiff in

13  an attempt to collect an alleged outstanding debt."  (*Id.*)  Specifically, Plaintiff states, "On or about June

14  25, 2010, Defendant sent Plaintiff a collection letter, written from a law firm letter head but then stating

15  that no attorney has reviewed the file" ("June 25 Letter").  (*Id.* at 2-3.)  Plaintiff attached a copy of the

16  June 25 Letter to the Amended Complaint and marked it as Exhibit "A".

17          The June 25 Letter is on letterhead stationary listing "Bronson, Cawley & Bergmann, LLP,

18  Attorneys at Law (a limited liability partnership formed in the State of New York)" at the top center,

19  along with an address, telephone, and fax numbers.  (*Id.*)  The words "L. Patrick Bergmann**" appear

20  on the top-left side of the letter, with "**Admitted in NY, NJ" printed on the opposite side of the page.

21  (*Id.*)  The subject heading lists: 1) the creditor, Cavalry Portfolio Services, LLP; 2) the file and account

22  numbers; 3) the original creditor, Navy FCU; and 4) the amount due.  (*Id.*)  Directly to the right of the

23  subject heading is the phrase, "<u>Attorneys Licensed In:</u>" with the states Illinois, Maryland, New Jersey,

24  New York, Pennsylvania, and Vermont listed below those words.  The body of the letter reads as

25  follows:

26      Melissa Roland:
        This office has been retained to collect a debt owed by you to CAVALRY PORTFOLIO
27      SERVICES, LLP.
        Unless you, the consumer, within thirty days after receipt of this notice, dispute the
28      validity of the debt or any portion thereof, this office will assume this debt is valid.

1    If you, the consumer, notify us in writing within the thirty-day period that the debt, or
     any portion thereof, is disputed we will obtain verification of the debt or a copy of a
2    judgment against you and a copy will be mailed to you by our office.
     Upon your written request within the thirty-day period, we will provide you with the
3    name and address of the original creditor, if different from the current creditor.
     Please note that no attorney with our firm has personally reviewed the particular circum-
4    stances of your account.
     Please call your office without delay.  The toll free number is 888-523-0856.
5    Sincerely,
     [signed]
6    L. Patrick Bergmann, Esq.
     **This communication is from a debt collector and is an attempt to collect a debt.**
7    **Any information obtained will be used for that purpose.**
     As required by law, you are hereby notified that a negative credit report reflecting on
8    your credit record may be submitted to a credit reporting agency if you fail to fulfil the
     terms of your credit obligations.  The state Rosenthal Fair Debt Collection Practices Act
9    and the federal Fair Debt Collection Practices Act require that, except under unusual
     circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not
10   harass you by using threats of violence or arrest or by using obscene language.  Collec-
     tors may not sue false or misleading statements or call you at work if they know or have
11   reason to know that you may not receive personal calls at work.  For the most part,
     collectors may not tell another person, other than your attorney or spouse, about your
12   debt.  Collectors may contact another person to confirm your location or enforce a
     judgment.  For more information about debt collection activities, you may contact the
13   Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

14   (*Id.*)

15        Plaintiff contends that the June 25 Letter "fails to identify any members of Defendant's law firm

16   who are licensed to practice law in the state of California, leading Plaintiff to believe that she is being

17   contacted by a law firm with the ability to practice in this state."  (Am. Compl. 3, Doc. No. 5.)  Plaintiff

18   further maintains that "no members of Defendant's law firm are licensed to [p]ractice [l]aw in this

19   state."  (*Id.*)

20        Based on these allegations, Plaintiff asserts that Defendants have violated the FDCPA and the

21   RFDCPA by:

22        a) Falsely representing that an individual is an attorney, including, but not limited to,

23        leading Plaintiff to believe Defendant is licensed in California when they are not (§

24        1692e(3));

25        b) Falsely representing that any person is an attorney or counselor at law, including, but

26        not limited to, leading Plaintiff to believe Defendant is licensed in California when they

27        are not (Cal[.] Civ[.] Code § 1788.13(b)); and

28

                                           3                          3:10-cv-01929 AJB (RBB)

1    c) Using false representations and deceptive practices in connection with collection of an

2    alleged debt from Plaintiff, including, but not limited to, sending a letter from a law firm

3    letter head but then stating that no attorney as reviewed the file (§ 1692e(10)[)].

4 (*Id.*) Plaintiff requests a declaratory judgment that Defendant's conduct violated the FDCPA and

5 RFDCPA, actual damages, statutory damages, costs and attorney's fees, and "any further relief that may

6 be just and proper." (*Id.* at 3-5.)

7 **III.    THE MOTION TO DISMISS**

8    Defendant asserts that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) of the

9 Federal Rules of Civil Procedure. (Mot. Dismiss Attach. #1 Mem. P. & A. 4-5, Doc. No. 7.) According

10 to Defendant, "[T]he [Amended Complaint] does not allege any facts supporting any cause of action

11 against Bronson." (*Id.*) He argues, "The allegations in the [Amended Complaint] consist simply of

12 legal conclusions that are not supported by any facts and which are directly contradicted by the letter

13 from Bronson to Plaintiff . . . ." (*Id.*) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

14  Additionally, Defendant claims that Plaintiff's assertion that Defendant law firm falsely represented

15 itself as employing licensed attorneys cannot be true because the signor of the June 25 letter, Mr.

16 Bergmann, is in fact a licensed attorney in the state of New York.[1] (*See* Mot. Dismiss Attach. #1 Mem.

17 P. & A. 4-6, Doc. No. 7.)

18    Defendant also argues in the Motion to Dismiss that Plaintiff's allegations in the Amended

19 Complaint cannot survive as a matter of law. (*Id.* at 5-9.) First, Defendant maintains that the June 25

20 letter does not violate any debt collection laws. (*Id.* at 6.) According to Defendant, the June 25 Letter

21 "contains no threats of litigation and makes it clear to Plaintiff that no attorney has reviewed her account

22 prior to writing the letter." (*Id.* at 8) (citing *Depuy v. Weltman, Wienberg, & Reis Co.*, 442 F.Supp.2d

23

24    [1]As evidence that Mr. Bergmann is licensed to practice law, Defendants submitted an on-line
New York State Attorney Search record for L. Patrick Bergmann, confirming his eligibility to practice
25 law in that state. (Mot. Dismiss Attach. #3 Req. Judicial Notice 1-2, Doc. No. 7.) Under Federal Rule
of Evidence 902(5), publications issued by a public authority are self-authenticating. Plaintiffs have not
26 disputed the accuracy of Defendants' submission. Courts do take judicial notice of information found on
government agency websites. *See Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5-6
27 (N.D. Cal. Sept. 9, 2008) (citing appellate and district court decisions taking judicial notice of
information found on government agency websites). Therefore, the Court grants, pursuant to Federal
28 Rule of Evidence 201, Defendants' request for judicial notice of Defendant's on-line confirmation of Mr.
Bergmann's license to practice law in the state of New York.

1    822, 825 (N.D. Cal. 2006); *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (3d Cir. 1993)

2    (holding that a collection letter on law firm letterhead that included a clear disclaimer stating that "[a]t

3    this time, no attorney with this firm has personally reviewed the particular circumstances of your

4    account," did not misrepresent the nature of attorney involvement)).  Second, Defendant argues that the

5    "letter sent to Plaintiff would not lead the least sophisticated debtor to believe that Bronson is licensed

6    to practice law in the state of California."  (*Id.*) (citing *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027,

7    1033 (9th Cir. 2010) ("Whether conduct violates §§ 1692e . . . requires an objective analysis that takes

8    into account whether the least sophisticated debtor would likely be misled by a communication.")

9    (internal quotes omitted)).  According to Defendant, Plaintiff's claim that the letter's failure to identify

10   any attorneys licensed in California lead Plaintiff to believe that the firm had attorneys licensed in

11   California is a "'bizarre or idiosyncratic interpretation'" of a debt collection letter.  (Mot. Dismiss

12   Attach. #1 Mem. P. & A. 10, Doc. No. 7) (quoting *Greco*, 412 F.3d at 363).

13          In the Opposition, Plaintiff reiterates her assertion that Defendant is on notice of the instant

14   claim, and that the facts alleged state a claim for relief.  (Opp'n 3, Doc. No. 9.)   Plaintiff asserts that

15   Defendant's arguments in support of the Motion to Dismiss only serve as evidence that Defendant is

16   sufficiently noticed of Plaintiff's claims, thereby satisfying federal pleading requirements.  (*Id.*) (citing

17   *Twombly*, 550 U.S. at 555) (stating that pleadings must "give the defendant fair notice of what the . . .

18   claim is and the grounds upon which it rests").  Additionally, Plaintiff argues that Defendant's Motion to

19   Dismiss and attachments  "raise[] arguments which essentially argue that the facts of this case are not

20   good enough[,] which is procedurally improper for a motion to dismiss."  (Opp'n 3, Doc. No. 9.)

21   Plaintiff further asserts that the language used in the June 25 Letter is sufficient to show a threat of

22   litigation, citing a case from the Northern District of California in support.  (*Id.* at 5-7) (citing *Robertson*

23   *v. Richard J. Boudreau & Assocs., LLC*, 2009 WL 5108479 (N.D. Cal. Dec. 18, 2009).  In *Robertson*,

24   Plaintiff notes, the court distinguished *Greco* on the basis that the *Robertson* letter, unlike the *Greco*

25   letter, contained threatening language that "overshadowed and contradicted" the disclaimer that no

26   attorney had reviewed the file.  (*Id*. at 6); *Robertson*, WL 5108479, at *6.  Concurrent with the

27   Opposition brief, Plaintiff filed a request that the Court take judicial notice of the *Robertson* decision

28

1 cited above. (Opp'n Attach. #1 Ex. Req. Judicial Notice, Doc. No. 9-1.) Plaintiff also argues that if

2 Defendant's Motion is granted, the Court should grant leave to amend. (Opp'n 9, Doc. No. 9.)

3       In its Reply, Defendant rejects Plaintiff's contention that the Amended Complaint has suffi-

4 ciently plead a claim for relief, arguing that "Plaintiff has simply not alleged —and cannot allege

5 —facts that demonstrate that she has a plausible claim against Defendant in this lawsuit." (Reply 2,

6 Doc. No. 10.) Also, Defendant distinguishes *Robertson* from this case because the defendants in that

7 case had sent three letters to the plaintiff (whereas only one was sent in this case) and the letter in that

8 case not only referred to "retaining" the attorneys but also contained language expressly referring to

9 litigation, such as "valid legal defense," "cost of litigation," and "non-litigious resolution." (*Id.* at 3.)

10 According to Defendant, the *Robertson* court "acknowledges that simply sending a letter on the

11 letterhead of a law firm does not violate the FDCA." (*Id.* at 3-4.) Defendant further asserts that *Grecco*

12 has been followed by a number of district courts in California, including most recently in *Walsh v.*

13 *Frederick J. Hanna & Assoc's*, 2010 WL 5394624 (E.D. Cal. Dec. 21, 2010). Defendant requests

14 judicial notice of the *Walsh* order.[2] (Reply Attach. #1 Req. Judicial Notice, Doc. No. 10-1.) Finally,

15 Defendant argues that Plaintiff should not be given leave to amend because the letter does not violate

16 any debt collection laws. (Reply 6, Doc. No. 10.)

17 **IV.**     **LEGAL STANDARD**

18     **A.**     **Rule 12(b)(6)**

19       Under Fed. R. Civ. P. Rule 8(a), a plaintiff must plead her claim with sufficient specificity to

20 "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*,

21 550 U.S. at 544. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

22 cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

23 *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss,

24 the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most

25 favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411 (1969). "To survive a motion to dismiss,

26 a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

27

28     [2] The Court denies the parties' separate requests for judicial notice of the *Robertson* and *Walsh*
cases. The Court may review other district court cases without taking judicial notice of them. *See*
*Taylor v. Pinnacle Credit Serv's, LLC*, 2011 WL 1303430, at *5 n.3 (N.D. Cal. April 4, 2011).

1  plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows

2  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3  *Ashcroft v. Iqbal*, ––– U.S. –––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868; *Twombly*, 550 U.S. at 556, 570.

4  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characteriza-

5  tions, or unwarranted deductions of fact contained in the complaint.  *Clegg v. Cult Awareness Network*,

6  18 F.3d 752, 754–55 (9th Cir. 1994).

7       Under Rule 12(b)(6), if "matters outside the pleading are presented to and not excluded by the

8  court, the [12(b)(6)] motion shall be treated as one for summary judgement and disposed of as provided

9  in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to

10  such motion by Rule 56."  Fed. R. Civ. P. 12(b).  However, in ruling on a 12(b)(6) motion, a court may

11  consider allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

12  subject to judicial notice.  *Swartz v. KPMG, LLP.*, 476 F.3d 756, 763 (9th Cir. 2007).  Thus, the June 25

13  Letter and judicial notice of Mr. Bergmann's status as an attorney are not matters outside the pleading

14  and do not require this Motion to be treated as one for summary judgment.

15  **V.      DISCUSSION**

16       **A.      The FDCPA and the RFDCPA**

17       In light of the "abundant evidence of the use of abusive, deceptive, and unfair debt collection

18  practices by many debt collectors[,]" 15 U.S.C. § 1692a, Congress enacted the FDCPA in 1977 "to

19  eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who

20  refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

21  consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To

22  accomplish this goal, the FDCPA prohibits debt collectors from "using any false, deceptive or

23  misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e;

24  *see also* 15 U.S.C. § 1692e(10) (prohibiting "[t]he use of any false representation or deceptive mans to

25  collect or attempt to collect any debt or to obtain information concerning a consumer").

26       In addition to this general prohibition, § 1692e prohibits specific types of conduct that are

27  deemed to be false, deceptive or misleading, including "[t]he false representation or implication that any

28  individual is an attorney or that any communication is from an attorney," 15 U.S.C. § 1692e(3), or "[t]he

threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. §

1   1692e(5).  In considering whether a statement in a debt collection letter violates these prohibitions,

2   courts apply the "least sophisticated debtor standard."  *Depuy*, 442 F.Supp.2d at 824 (citing *Wade v.*

3   *Reg'l Credit Ass'n*, 87 F.3d 109, 1100 (9th Cir. 1996)).  "Under that standard, if the court finds the least

4   sophisticated debtor 'would likely be misled' by a debt collection letter, the court 'must hold the

5   [defendant] has violated the [FDCPA].'" *Id.* (quoting *Swanson v. S. Oregon Credit Serv.*, 869 F.2d 1222,

6   1225 (9th Cir. 1988)).

7           "In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1)

8   the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant

9   must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts*

10  *Receivable Corp.*, 654 F.Supp.2d 1051, 1057 (C.D. Cal. 2009).  Defendants challenge only the

11  sufficiency of Plaintiff's allegations as to the third requirement.  (*See* Mot. Dismiss Attach. #1 Mem. P.

12  & A. 1, Doc. No. 7.)

13          The RFDCPA is California's version of the FDCPA; it "either mimics the relevant provisions of

14  the FDCPA or incorporates them by reference." *Riggs v. Prober & Raphael*, 2010 WL 3238969, at *3

15  (N.D. Cal. August 16, 2010); *see* Cal. Civ.Code. § 1788.17.  Thus, district courts analyze FDCPA and

16  RFDCPA claims identically. *See Taylor*, 2011 WL 1303430, at *2 n.2; *Walsh*, 2010 WL 5394624, at

17  *4; *Riggs*, 2010 WL 3238969, at *3.

18          **B.      Claims Under the FDCPA**

19          Plaintiff asserts that Defendant "argue[s] that the facts of this case are not good enough[,] which

20  is procedurally improper for a motion to dismiss." (Opp'n 3, Doc. No. 9.)  Plaintiff claims that it is

21  enough to put the Defendant on notice of the claims against him to survive a Rule 12(b)(6) motion.  (*Id.*

22  at 3-4.)  However, "for a complaint to survive a [Rule 12(b)(6)] motion to dismiss, the nonconclusory

23  'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

24  entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

25  In the Ninth Circuit, the question of whether a collection letter violates the FDCPA is a question of law.

26  *See Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).  Thus, district courts in the Ninth Circuit

27  have addressed whether language in a collection letter violates the FDCPA in evaluating a motion to

28  dismiss. *See Taylor*, 2011 WL 1303430, at *6 (evaluating whether a collection letter violates the

    FDCPA and listing other district court cases that evaluated FDCPA violations at dismissal stage).  Here,

1  the only factual allegations that might plausibly suggest a claim entitling Plaintiff to relief arise out of

2  the June 25 Letter.  That letter was attached to the Amended Complaint and may be considered by the

3  Court.  (Am. Compl. Attach. #1 Ex. "A."); *Swartz*, 476 F.3d at 763.  Therefore, the Court will address

4  the question of whether the June 25 Letter violates the FDCPA.

5          **C.          False Representation of Attorney Involvement**

6          Plaintiff argues that the June 25 Letter falsely represents attorney involvement in a debt

7  collection activity because it lead Plaintiff "to believe that she is being contacted by a law firm with the

8  ability to practice in [California]," despite the fact that no members of Defendant's law firm are licensed

9  to practice law in California.  (Am. Compl. 3, Doc. No. 5.)  However, this argument and Plaintiff's

10  allegations do not plausibly suggest that Plaintiff has stated a claim or could state a claim under §

11  1692e(3), or § 1692e(10).  Attorneys may participate in the debt collection process without violating the

12  FDCPA as long as their status as attorneys is not misleading to debtors.  *Greco*, 412 F.3d at 363.  A

13  collection letter misleads a debtor as to an attorney's status when the letter "appear[s] to be sent by an

14  attorney without the attorney's having both reviewed the debtor's file and gained some knowledge about

15  the specific debt."  *Irwin v. Mascott*, 112 F.Supp.2d 937, 949 (N.D. Cal. 2000) (citing *Newman v.*

16  *Checkrite,* 912 F.Supp. 1354, 1382 (E.D. Cal. 1995)).  The use of an attorney's letterhead and signature

17  on a collection letter is "sufficient to give the least sophisticated consumer the impression that the letters

18  [are] communications from an attorney."  *Depuy*, 442 F.Supp.2d at 825 (citing *Clomon v. Jackson*, 988

19  F.2d 1314, 1320-21 (2d Cir. 1993)).

20          A collection letter from an attorney that contains a disclaimer, however, may not violate the

21  FDCPA if the least sophisticated consumer, reading the letter, would understand that the attorney had

22  not reviewed the facts of his or her case.  *See Greco*, 412 F.3d at 363.  In *Greco*, the Second Circuit held

23  as a matter of law that a collection letter was not deceptive or misleading, even though it was printed on

24  law firm stationary and signed by a law firm, because it contained a disclaimer stating that "[a]t this

25  time, no attorney with this firm has personally reviewed the particular circumstances of your account."

26  *Id.*

27          Plaintiff points out, though, that an express disclaimer like the one in *Greco* does not guarantee

28  that a collection letter is not deceptive.  (Opp'n 6-9, Doc. No. 9); *see Robertson*, 2009 WL 5108479*;*

*Dunn v. Derrick E. McGavic*, 653 F.Supp.2d 1109 (D.Or. 2009).  In *Dunn*, the court found that a

1  collection letter violated the FDCPA when the language in the collection letter contradicted the

2  disclaimer. *Dunn*, 653 F.Supp.2d at 1113-14. Relying on *Dunn*, Judge Zimmerman in *Robertson*

3  distinguished *Greco*, finding that a collection letter violated the FDCPA because the language in the

4  letter contradicted the disclaimer that no attorney had reviewed the file. *Robertson*, 2009 WL 5108479,

5  at *2-3. The court in *Robertson* explained:

6        I find that all three of the letters deceptively imply attorney involvement. Each
         letter is printed on defendant's letterhead, which states "Attorneys at law" and is signed
7        "Richard J. Boudreau & Associates, LLC." Although using attorney letterhead alone
         may not violate the FDCPA, the legal language in each letter crosses the line. The first
8        letter opens with "This *law firm* has been *retained*" (emphasis added) which is language
         that suggests that it is from an attorney hired to do legal work. The first and second
9        letters also state that the law firm's "review will determine whether there is a valid *legal*
         dispute regarding the debt . . . ." (Emphasis added). The third letter contains language
10       such as "valid legal defense," "cost of litigation," and "non-litigious resolution."
             The disclaimer in the middle of each letter that "no attorney with this firm has
11       personally reviewed the particular circumstances of your account" is contradicted and
         overshadowed by the rest of the language in each letter, which would suggest to the least
12       sophisticated consumer that the letter was from an attorney . . . .
              Defendant's reliance on *Greco* is unpersuasive. [citation omitted] . . . First,
13       *Greco* is not controlling in this jurisdiction. More importantly, the brief *Greco* letter
         does not contain any of the threatening language in defendant's letters and appended a
14       statement of the debtor's rights that fairly tracked the FDCPA. The *Greco* letter does not
         use language like "litigation" or "any valid legal defense" or any of the inconsistent
15       language this letter contains . . . . Finally, in *Greco*, the defendant sent only one letter,
         whereas in this case defendant sent three successive letters to plaintiff."

16  *Id.* at *2.

17
18  This Court agrees with the *Robertson* court that *Greco* is not controlling, but nevertheless finds

19  *Greco* persuasive. Because the Ninth Circuit has not ruled on the issue of whether a collection letter

20  signed by an attorney may be misleading, many district courts have adopted the approach of *Greco* and

    *Clomon*. *Taylor*, 2011 WL 1303430, at *8; *see e.g. Walsh*, 2010 WL 5394624, at *3 (dismissing on a
21
    Rule 12(b)(6) motion FDCPA claim based on alleged false representation of attorney involvement
22
    where collection letter, though printed on attorney letterhead, contained disclaimer stating that an
23
    attorney had not reviewed the matter, because least sophisticated consumer would have understood that
24
    attorney had not reviewed the specific facts of the case, citing *Greco* and *Clomon*); *Depuy*, 442
25
    F.Supp.2d at 825 (denying motion under Rule 12(b)(6) to dismiss FDCPA claim based on alleged false
26
    representation of attorney involvement where letter was on law firm letterhead and did not contain
27
    disclaimer stating that attorney had not reviewed the matter, citing *Greco* and *Clomon*).
28

1    Therefore, the question before this Court is whether the language in the June 25 Letter contra-

2 dicts or overshadows the disclaimer stating that no attorney had reviewed the file, misleading the least

3 sophisticated consumer. *See Depuy*, 442 F.Supp. at 824.   Recently, a Northern District of California

4 court decided a case nearly identical to the one here. *See Taylor*, WL 1303430.  In a persuasively

5 written opinion, Judge Spero found that a collection letter on law firm letterhead, signed by an attorney,

6 with a substantially similar disclaimer to the one in this case, did not violate the FDCPA. *Taylor*, 2011

7 WL 1303430, at *10.

8        The Court concludes that the least sophisticated debtor, reading the letter sent by
   Defendant in this case, would understand that the attorney who signed the letter had not

9    reviewed the specific facts of the case.  The letter is short and straightforward, like the
   letter in *Greco*, and it does not refer to "claims" or "litigation," or use any other language

10   that suggests impending litigation.  It also includes a standard FDCPA validation notice
   that accurately sets forth the debtor's right to challenge the underlying debt.  Nor does

11   the Court find that the statement in the June 28 letter that Hecker "represents" Defendant
   is sufficient to overshadow the letter's disclaimer; although Judge Zimmerman relied, in

12   part, on the statement in the collection letters in *Robertson* that "[t]his law firm has been
   retained" in support of his conclusion that the letters deceptively implied attorney

13   involvement, the facts of that case were distinguishable because the letters (there were
   three rather than just the one letter at issue here) contained other language suggesting

14   "impending legal action."

15 *Id.* (citing *Robertson*, 2009 WL 5108479, at *2).

16    Here, like *Taylor*, there is no language threatening litigation or otherwise giving the impression

17 of impending litigation. *Id.*  The brief June 25 Letter did contain the word "retained" like the letter in

18 *Robertson*. *Robertson*, 2009 WL 5108479, at *2.  But the phrase "[t]his office has been retained,"

19 coupled with law firm letterhead, does not overshadow the express disclaimer that no attorney had

20 reviewed the file. *See Taylor*, 2011 WL 1303430, at *10.  The words "[t]his office" in the June 25

21 Letter are even less likely to convey attorney involvement than "this law firm" in the *Robertson* letter.

22 *Robertson*, 2009 WL 5108479, at *2.  Therefore, the Court finds that the June 25 letter would not

23 mislead the least sophisticated consumer as to attorney involvement. *See Depuy*, 442 F.Supp. at 824.

24 Accordingly, the Court finds as a matter of law that Plaintiff has failed to state a claim under 15 U.S.C.

25 §§ 1692e(3) or (10) based on the alleged misrepresentation of attorney involvement in the June 25

26 Letter, and **GRANTS** Defendant's Motion to Dismiss the First Amended Complaint.

27    Because the letter does not violate the FDCPA as a matter of law this claim is **DISMISSED** with

28 prejudice.

3:10-cv-01929 AJB (RBB)

1    However, since the Plaintiff pleads that Defendant used "false representations and deceptive

2 practices in connection with collection of an alleged debt from Plaintiff *including, but not limited to*,

3 sending a letter . . . ." (Am. Compl. 3-5, Doc. No. 5) (emphasis added), Plaintiff will be allowed an

4 opportunity to file a Second Amended Complaint articulating specific violations (other than the June 25

5 Letter discussed herein) by which Defendant has violated the FDCPA.  Any such amendment must be

6 filed within thirty (30) days of the date of this order. As a result, and except as stated above, Plaintiff's

7 First Amended Complaint is **DISMISSED** without prejudice.

8    **D.    The Rosenthal Act**

9    Plaintiff claims that the June 25 Letter also violated Cal. Civ. Code § 1788.13(b) by "[f]alsely

10 representing that any person is an attorney or counselor at law . . . ."  (Am. Compl. 3, Doc. No. 5.)

11 Defendant seeks to dismiss this claim "since there is nothing in the letter that suggests that any of

12 Defendant's attorneys are licensed to practice law in California or . . . that a legal proceeding has been

13 or will be instituted."  (Reply 6, Doc. No. 10.)  This claim is dismissed with prejudice for the same

14 reasons Plaintiff's similar FDCPA claims have been dismissed. Leave to articulate specific alleged

15 violations under the Rosenthal Act, other than those disposed of herein, is granted within the same thirty

16 (30) days of the date of this order

17 **VI.    CONCLUSION**

18    Defendant's motion to dismiss Plaintiff's complaint without prejudice is **GRANTED**.

19

20

21 IT IS SO ORDERED.

22

23 DATED:  June 13, 2011

24    _____

    Hon. Anthony J. Battaglia
25    U.S. District Judge

26

27

28